IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD EIKENBARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-01003-CV-W-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case arises out of pro se Plaintiff Donald Eikenbary's ("Plaintiff") medical treatment at a Veterans Health Administration hospital ("VA") in Missouri. Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), alleging medical malpractice in connection with a procedure undergone at the VA. Now before the Court are Defendant United States of America's ("the Government") motion to dismiss Plaintiff's complaint for failure to file a health care affidavit, as required by Missouri Revised Statute § 538.225 (Doc. 14) and Plaintiff's motion for extension of time to obtain this affidavit (Doc. 16).

The FTCA provides a "limited waiver of the United States' sovereign immunity" for tort claims. *Molzof v. United States*, 502 U.S. 301, 305 (1992). Under the FTCA, the Government may be held liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346. Plaintiff does not dispute that his medical malpractice claims arose in Missouri, and so the Court looks to the laws of Missouri.

Under Missouri law, plaintiffs must file an affidavit attesting to the merits of any personal injury action against a healthcare provider. Mo. Rev. Stat. § 538.225; *see Doughty v.*

*Midwest Neurosurgeons*, No. 1:16CV0002 ACL, 2016 WL 2622393, at *2 (E.D. Mo. May 9, 2016). "Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days." Mo. Rev. Stat. § 538.225.5. Failure to file this affidavit requires the court to dismiss the action without prejudice. *Id.* § 538.225.6.

Plaintiff filed his pro se complaint on December 29, 2015 (Doc. 1). Because Plaintiff alleges that his medical treatment at the VA resulted in personal injury, he must file an affidavit attesting that he has obtained a written expert opinion indicating the VA failed to use the requisite duty of care. The deadline to file such an affidavit was March 28, 2016. Alternatively, Plaintiff could have requested an additional ninety days from the filing of his petition—up to June 26, 2016—to file the affidavit.[1] However, to date, Plaintiff has failed to file the required affidavit, and the Court must dismiss this action without prejudice. Mo. Rev. Stat. § 538.225.6.

Accordingly, Plaintiff's motion for extension of time (Doc. 16) is DENIED and the Government's motion to dismiss (Doc. 14) is GRANTED. This action is hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  November 9, 2016                     /s/ Greg Kays
                                                          GREG KAYS, CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT

---

[1] Plaintiff's instant motion was filed on October 24, 2016—almost four months after the June 26, 2016, maximum extension date.